Mr. Eldon Vail Secretary Department of Corrections PO Box 41100 Olympia, WA 98504-1100
Dear Secretary Vail:
By letter previously acknowledged, you have requested our opinion on the following questions:
 1. Community corrections officers and certain other community corrections division employees qualify as limited authority Washington peace officers and are authorized to carry and conceal a state-issued firearm while on duty. According to AGO 2006 No. 15, these employees are exempt from the concealed pistol licensing requirement as "law enforcement officers" under RCW 9.41.060(1). Does this exemption apply only when the employee is on duty, carrying a state-issued firearm, or does it also carry over to allow these employees to conceal personally-owned firearms while off duty? [original page 2]
 2. Corrections officers and other prison employees are limited authority Washington peace officers, but their authority to carry concealed, state-issued firearms is narrow and limited to specific circumstances (armed escort and escape pursuit). Does the "law enforcement officer" exemption in RCW 9.41.060(1) apply only when they are on duty and specifically authorized to conceal a firearm, or does the exemption also allow them to conceal personally-owned firearms while off duty?
 3. RCW 9.41.060(10) exempts from the concealed pistol licensing requirement "[l]aw enforcement officers retired for service or physical disabilities. . . ." Would this exemption apply to Department of Corrections employees who, during their employment, were limited authority Washington peace officers and were authorized to carry a concealed, state-issued firearm, either generally or in specific situations?
 4. RCW 9.94.050 states: "Any correctional employee, while acting in the supervision and transportation of prisoners, and in the apprehension of prisoners who have escaped, shall have the powers and duties of a peace officer." Do the powers and duties granted correctional officers under this statute include the authority to carry and conceal a firearm, independent of the licensing and exemption provisions in RCW 9.41.050 and .060?
 BRIEF ANSWERS
The answer to your first question is that the exemption for community corrections officers and certain other community corrections division employees, who qualify as limited authority Washington peace officers, to carry a concealed pistol without a license is limited to those circumstances expressly authorized by the Department of Corrections (Department), the employer. The statutes make no distinction, per se, as to whether the officer is on duty or off duty, but do limit the exemption for limited authority Washington peace officers from the prohibition against carrying a concealed pistol to circumstances in which the employing agency has authorized him or her to do so in order to carry out law enforcement duties.
The answer to your second question is the same as the answer to your first question. The difference between the two questions is that they ask about different categories of Department employees. The same legal analysis applies to each, but the difference in their duties illustrates the fact that the exemption from the prohibition against carrying a concealed pistol is limited, based upon the law enforcement duties of the employees in question.
The answer to your third question is no. The authority for Department employees, who meet the qualifications of a retired law enforcement officer, as defined in RCW 9.41.060(10), to[original page 3] carry a concealed pistol without a permit, is limited to those circumstances authorized by the Department. Since retirees are not authorized to perform these functions, they must comply with the licensing requirements for concealed weapons provided in RCW 9.41.050.
In response to your fourth question we also conclude that the answer is no. The power and authority for correctional employees, while acting in the supervision and transportation of prisoners and in the apprehension of prisoners, to carry and conceal a firearm pursuant to RCW 9.94.050, is not independent of the power and authority provided for limited authority Washington peace officers in RCW 9.41.060. Rather, RCW 9.94.050 expands the pool of employees that the Department may authorize to carry concealed weapons without a license to include any employee who acts in the supervision and transportation of prisoners and in the apprehension of prisoners. The exemption for this group of correctional employees to carry a concealed pistol without a license is limited to those circumstances authorized by the employer, the Department of Corrections.
 BACKGROUND
As part of your request for this opinion, you describe the Department's practices as they relate to the possession of concealed state-issued firearms by Department employees. Your first question concerns community corrections officers and certain other community corrections division employees, while your second question relates to corrections officers and other prison employees.
Community corrections officers carry out "specific duties in supervision of sentenced offenders and monitoring of sentence conditions." RCW 9.94A.030(4) (defining "community corrections officer"). Offenders who have been released from physical custody but are supervised by the Department are required to report to community corrections officers. RCW 9.94A.705(3). Community corrections officers have the authority to make arrests and to take other actions regarding supervised offenders. See, e.g., RCW 9.94A.716 (authority to arrest and revoke community custody status).
Currently, the Department authorizes community corrections officers and certain other community corrections division employees to carry concealed weapons while on duty and while traveling to and from work. In order for these employees to receive authorization to carry a concealed weapon, their job duties must include the detection or apprehension of offenders under their supervision who have violated the law or the terms of their release. Additionally, the individuals must be full-time and fully compensated officers. The Department also requires the employees to be firearms trained and qualified. Community corrections employees who meet all of these requirements may be authorized by the Department to carry concealed state-issued firearms. Since a substantial portion of the job responsibilities of community corrections division employees, particularly community corrections officers, involve the detection and apprehension of offenders, the Department authorizes these individuals to carry a concealed state-owned weapon on duty and while traveling to and from work. [original page 4]
Additionally, the Department authorizes corrections officers and other prison employees to carry state-issued firearms. The job classifications for corrections officers and other prison staff who provide perimeter security and armed transport of offenders within the community include, along with other responsibilities, the authority to apprehend offenders. Since the duties involving transportation and apprehension are performed on a limited basis, the Department authorizes only certain corrections officers and other prison employees to carry concealed state-issued firearms on a situational basis, as warranted. Primarily, the Department provides qualified corrections officers and other prison employees the authority to conceal state-issued firearms in situations involving armed escort and escape pursuit.
The background provided within your opinion request also indicates that the Department has relied, in part, on a formal opinion issued by our office in 2006, to determine which employees of the Department qualify for the concealed pistol licensing exemption provided in RCW 9.41.060(1). See AGO 2006 No. 15. That opinion responded to a series of questions that primarily focus on whether corrections officers had the authority to carry concealed pistols without a license pursuant to the exemptions provided in RCW 9.41.060(1). The opinion concluded that corrections employees are exempt from the concealed pistol license requirements of RCW 9.41.060(1) if they are "full-time, fully compensated officers of the Department of Corrections . . . empowered by the Department to detect or apprehend violators of the law in some or all of the subject areas for which the Department is responsible, and . . . duly authorized by the Department, to carry a concealed pistol." AGO2006 No. 15, at 3.
We also note, by way of background, an earlier opinion in which we responded to the question of whether the exemption for concealed pistol licenses applies to law enforcement officers who are off duty. See AGLO 1975 No. 16. This opinion specifically evaluated whether a state patrolman, county sheriff or deputy sheriff, city policeman, or town marshal needed to be "on duty" to be exempt from the license requirement for carrying a concealed pistol. We concluded that the statute, as it then read, included no requirement that peace officers be on duty in order to qualify for the exemption from the license requirement. AGLO 1975 No. 16, at 3; seealso RCW 10.93.020(1), (3).
Your inquiry raises four questions. Two of those questions require us to expand upon our previous analysis to determine whether the license exemption applies to off-duty possession of concealed pistols by community corrections officers, other community corrections employees, corrections officers, and other prison employees, who qualify as limited authority Washington peace officers. The third question asks us to evaluate the application of the concealed pistol licensing exemption to retired corrections employees. Your final question raises a substantially new line of inquiry regarding the authority RCW 9.94.050 provides corrections employees to carry concealed pistols. [original page 5]
 ANALYSIS 1. Community corrections officers and certain other community corrections division employees qualify as limited authority Washington peace officers and are authorized to carry and conceal a state-issued firearm while on duty. According to AGO 2006 No. 15, these employees are exempt from the concealed pistol licensing requirement as "law enforcement officers" under RCW 9.41.060(1). Does this exemption apply only when the employee is on duty, carrying a state-issued firearm, or does it also carry over to allow these employees to conceal personally-owned firearms while off duty?
The authority for community corrections officers and certain other community corrections division employees, who qualify as limited authority Washington peace officers, to carry a concealed weapon without a license, is limited to those circumstances duly authorized by the employer, the Department of Corrections. In order to qualify for the exemption from the prohibition against carrying a concealed pistol, a limited authority Washington peace officer, such as a community corrections officer, must meet certain requirements. These include being a full-time, fully compensated employee of the Department, authorized by the Department to detect or apprehend violators of the laws the Department has the authority to enforce. Finally, the officer must be authorized by the Department to carry a concealed pistol in connection with those duties, and the scope of that authorization determines the answer to your question.
As a general rule, citizens are prohibited from carrying concealed firearms in the state of Washington, unless they have complied with the legal requirements for a concealed pistol based on the following:
 (1)(a) Except in the person's place of abode or fixed place of business, a person shall not carry a pistol concealed on his or her person without a license to carry a concealed pistol.
 . . . .
 (2)(a) A person shall not carry or place a loaded pistol in any vehicle unless the person has a license to carry a concealed pistol and: (i) The pistol is on the licensee's person, (ii) the licensee is within the vehicle at all times that the pistol is there, or (iii) the licensee is away from the vehicle and the pistol is locked within the vehicle and concealed from view from outside the vehicle.
RCW 9.41.050(1)(a), (2)(a).
However, there is a licensing exception for law enforcement officers: "The provisions of RCW 9.41.050 shall not apply to: (1) Marshals, sheriffs, prison or jail wardens or their deputies, or other law enforcement officers of this state or another state[.]" RCW 9.41.060(1) (emphasis added). The term "law enforcement officer", as used in RCW 9.41, provides: [originalpage 6]
 "Law enforcement officer" includes a general authority Washington peace officer as defined in RCW 10.93.020, or a specially commissioned Washington peace officer as defined in RCW 10.93.020. "Law enforcement officer" also includes a limited authority Washington peace officer as defined in RCW 10.93.020 if such officer is duly authorized by his or her employer to carry a concealed pistol.
RCW 9.41.010(8) (emphasis added). A limited authority Washington peace officer is defined in RCW 10.93.020 as: "[A]ny full-time, fully compensated officer of a limited authority Washington law enforcement agency empowered by that agency to detect or apprehend violators of the laws in some or all of the limited subject areas for which that agency is responsible." RCW 10.93.020(4). The Department falls within the definition of a limited authority Washington enforcement agency, which includes:
 [A]ny agency, political subdivision, or unit of local government of this state, and any agency, department, or division of state government, having as one of its functions the apprehension or detection of persons committing infractions or violating the traffic or criminal laws relating to limited subject areas, including but not limited to . . . the state department of corrections.
RCW 10.93.020(2); see also AGO 2006 No. 15, at 3.
The statutes make clear that a "law enforcement officer" is exempt from the requirement of a license in order to carry a concealed pistol. RCW 9.41.060(1). Limited authority Washington peace officers fall within the definition of law enforcement officers if they are full-time, fully compensated officers of a limited authority Washington law enforcement agency, empowered by the agency to apprehend violators of the law within that agency's authority, and if the employing agency has authorized the carrying of a concealed pistol. RCW 9.41.010(8). The Department is a limited authority Washington law enforcement agency. RCW 10.93.020(2). Community corrections officers, assuming they are full-time and fully compensated, fall within this definition of "limited authority Washington peace officer." RCW 9.41.010(8); RCW 9.94A.716 (arrest authority of community corrections officers); AGO 2006 No. 15, at 3.
The final requirement for an exemption from the license requirement is that the employer must have authorized the employee to carry a concealed pistol in the context of performing those duties. RCW 9.41.010(8). Notably, this requirement applies only to "limited authority Washington peace officers[.]" RCW 9.41.010(8). A general authority Washington peace officer is exempt from the license requirement simply by virtue of that status. RCW 9.41.010(8). We [original page 7] previously concluded that the licensing exemption would extend to off-duty possession by individuals who qualified as general authority Washington peace officers.[1] AGLO 1975 No. 16, at 3.
The authority of a community corrections officer to carry a concealed pistol without a license, accordingly, depends upon having been authorized to do so by the Department.[2] RCW 9.41.010(8). Since the employer of a limited authority Washington peace officer determines the authority of the individual to carry a concealed pistol without a license, the possession is limited as provided in the employer's authorization. The statute makes no distinction per se as to whether a law enforcement officer is on duty or off duty, and we cannot categorically rule out the possibility that carrying a concealed pistol outside duty hours might be relevant to fulfilling the officer's law enforcement duties. The statute limits the exemption from the licensing requirement to those circumstances in which the employer has authorized the employee to carry a concealed pistol in furtherance of his or her duties as a limited law enforcement officer. RCW 9.41.010(8).
The language of RCW 9.41.010(8), that no license is required to carry a concealed pistol "if such officer is duly authorized by his or her employer to carry a concealed pistol" addresses only the unlicensed carrying of conceal pistols within the agency's ordinary areas of responsibility. We do not read the statute as expanding the functions and authority of the employer beyond addressing those responsibilities otherwise within its authority. In other words, it does not grant the employing agency the power to authorize its employees to carry concealed pistols except as related to their duties as limited authority Washington peace officers.
An argument might be made in favor of a conclusion that limited authority law enforcement officers are authorized to carry concealed pistols without limitation based on the provisions of RCW 9.41.060. Specifically, RCW 9.41.060(1) does not limit the exemption from the license requirement to "on-duty" officers. In contrast, the second paragraph of the same statute limits an exemption from the licensing requirement for members of the armed forces to apply only "when on duty." RCW 9.41.060(2). Similarly, the statutory exemption for firearms manufacturers, repairers, and dealers applies only "in the usual or ordinary course of the business." RCW 9.41.060(4). The exemption for members of target shooting clubs applies only "when those members are at or are going to or from their places of target practice." RCW 9.41.060(6). The exemption for members of modern and antique firearm collecting clubs [original page 8] is similarly limited to when members are "at or are going to or from their collector's gun shows and exhibits." RCW 9.41.060(7). Since the legislature limited these other exceptions to the license requirement as to time or place, it may be argued that this implies a legislative intent to exempt law enforcement officers from the license requirement at all times and places. But this argument fails to account for the additional restriction set forth by the legislature, which provides that the exemption for a concealed pistol license applies only "if such [limited authority Washington peace] officer is duly authorized by his or her employer to carry a concealed pistol." RCW 9.41.010(8).
You also ask whether there is any distinction based on the ownership of the weapon, state-owned rather than personally-owned. The statutory requirements for concealed pistol licenses do not make the ownership of the weapon an issue.
Based on these statutory provisions, we conclude community corrections officers and other community corrections employees who are full-time, fully compensated officers of the Department, empowered to detect or apprehend violators of the law in some or all of the limited subject areas for which the Department is responsible, are authorized to carry a concealed state-owned pistol without a license as authorized by their employer to carry out the duties that the employer has assigned to them.[3]
 2. Corrections officers and other prison employees are limited authority Washington peace officers, but their authority to carry concealed, state-issued firearms is narrow and limited to specific circumstances (armed escort and escape pursuit). Does the "law enforcement officer" exemption in RCW 9.41.060(1) apply only when they are on duty and specifically authorized to conceal a firearm, or does the exemption also allow them to conceal personally-owned firearms while off duty?
This question is similar to the first. The primary distinction is that this question inquires about different categories of employees, corrections officers, and prison employees, rather than community corrections officers and community corrections employees. The Department limits the authority of corrections officers and other prison employees to the use of concealed state-issued firearms in specific situations while on duty. As a result, corrections officers and other prison employees are only exempt from the licensing requirement when performing those specified duties, and does not extend to the concealment of any firearms while off duty.[4][original page 9]
As noted in response to your first question, limited authority Washington peace officers are only exempt from the licensing requirement "if such officer is duly authorized by his or her employer to carry a concealed pistol." RCW 9.41.010(8). Under current practice, as you explain in requesting our opinion, corrections officers and prison employees are only authorized to carry a concealed state-issued firearm in narrow and limited circumstances such as: armed escort and escape pursuit. In contrast, community corrections officers and other community corrections employees have broader authority and are allowed to carry a concealed state-issued firearm while on duty and while traveling to and from work. The exemption from the prohibition against carrying a concealed pistol is limited, as authorized by the employing agency, to perform specified law enforcement functions. RCW 9.41.010(8). Given the difference in the duties the Department authorizes these different classes of employees to perform, their authority to carry a concealed pistol likewise differs. However, we again cannot categorically rule out the possibility that carrying a concealed pistol outside duty hours might be relevant to the fulfillment of a community corrections officer's duties.
Therefore, we conclude corrections officers and other prison employees who are full-time, fully compensated officers of the Department, empowered to detect or apprehend violators of the law in some or all of the limited subject areas for which the Department is responsible, are authorized to carry a concealed state-owned pistol without a license in the narrow and limited circumstances expressly authorized by the Department. Corrections officers and other prison employees are required to obtain a license pursuant to RCW 9.41.050 to carry a concealed weapon while off duty, absent express authority to the contrary from the Department, as the employer.
 3. RCW 9.41.060(10) exempts from the concealed pistol licensing requirement "[l]aw enforcement officers retired for service or physical disabilities. . . ." Would this exemption apply to Department of Corrections employees who, during their employment, were limited authority Washington peace officers and were authorized to carry a concealed, state-issued firearm, either generally or in specific situations?
No. Limited authority Washington law enforcement are only exempt from the prohibition against carrying a concealed pistol when they are authorized to do so by their employers in order to perform designated law enforcement duties. Unlike general authority Washington peace officers, who are categorically exempt from the licensing requirement, limited authority Washington peace officers are exempt from the licensing requirement only as authorized by their employers.
The legislature has provided an exemption to the concealed pistol licensing requirements of RCW 9.41.050 for certain retired law enforcement officers. The exemption provides that the licensing requirements for concealed pistols in RCW 9.41.050 do not apply to:
 Law enforcement officers retired for service or physical disabilities, except for those law enforcement officers retired because of mental or stress-related disabilities. This subsection applies only to a retired officer who has: [original page 10]
 (a) Obtained documentation from a law enforcement agency within Washington state from which he or she retired that is signed by the agency's chief law enforcement officer and that states that the retired officer was retired for service or physical disability; and (b) not been convicted or found not guilty by reason of insanity of a crime making him or her ineligible for a concealed pistol license.
RCW 9.41.060(10). As previously discussed, for Department employees to qualify as a law enforcement officer for the purposes of RCW 9.41, they must be full-time, fully compensated officers of the Department, empowered to detect or apprehend violators of the law in some or all of the limited subject areas for which the Department is responsible. See RCW 9.41.010(8); RCW 10.93.020(2), (4).
As limited authority Washington peace officers, Department employees must also be "duly authorized by [their] employer to carry a concealed pistol" to qualify for the retired law enforcement exemption. RCW 9.41.010(8). The Department's authorization to carry a concealed pistol is limited to the context of authorizing an employee to perform specified law enforcement duties. The authorization to carry a concealed pistol thus extends no farther than the authorization to perform the law enforcement duties to which it relates. RCW 9.41.010(8).
The exemption in RCW 9.41.060(10), which permits law enforcement officers retired for service or physical disabilities to possess concealed pistols without a license, does not extend to retired Department employees given that retirees lack any authority to perform the law enforcement duties to which the authorization to carry a concealed pistol relates.
 4. RCW 9.94.050 states: "Any correctional employee, while acting in the supervision and transportation of prisoners, and in the apprehension of prisoners who have escaped, shall have the powers and duties of a peace officer." Do the powers and duties granted correctional officers under this statute include the authority to carry and conceal a firearm, independent of the licensing and exemption provisions in RCW 9.41.050 and .060?
No. The powers and duties granted correctional officers under this statute do not include the authority to carry and conceal a firearm, independent of the licensing and exemption provisions in RCW 9.41.050 and .060. Rather, the provisions of RCW 9.94.050 expand the group of employees the Department can treat as limited authority Washington peace officers and authorize to carry and conceal a weapon.
In contrast to your first three questions, which explore the ability of individuals to carry concealed weapons without a license while off duty or following employment, this question examines the authority of correctional employees to carry concealed weapons in the performance of certain duties which include: supervising and transporting prisoners; and apprehending prisoners who have escaped. We are expressly tasked with evaluating whether RCW 9.94.050 provides correctional employees with the authority to carry concealed weapons in the performance of these specific duties. This statute states: "Any correctional employee, while[original page 11] acting in the supervision and transportation of prisoners, and in the apprehension of prisoners who have escaped, shall have the powers and duties of a peace officer." RCW 9.94.050. Unfortunately, RCW 9.94.050 does not include a definition for "peace officer" and does not provide any specific details regarding the powers and duties granted to correctional employees pursuant to this provision.[5]
As a result, to determine the specific peace officer powers and duties granted in this provision, it is appropriate to review related statutory provisions to discern what the legislature intended in this provision. Dep't of Ecology v.Campbell Gwinn, L.L.C., 146 Wn.2d 1, 10-12, 43 P.3d 4 (2002). The process begins with a comprehensive review of RCW 9.94 to ascertain whether it provides further clarification. Such a review reveals the chapter neither provides guidance on what peace officer powers and duties were contemplated in RCW 9.94.050, nor does it expressly cross-reference peace officer definitions in other RCW chapters.
However, a review of the entire Revised Code of Washington uncovers definitions for the term "peace officer" in RCW 10.93 and RCW 43.101. RCW 43.101 focuses on the education and training standards for law enforcement, criminal justice, and correctional personnel. The definition of "peace officer" used in this chapter excludes correctional personnel. RCW 43.101.010(11). Furthermore, the legislature states that the definition of "peace officer" as used in RCW 43.101 is limited to the purposes of that chapter. RCW 43.101.010(11). In other words, the legislature did not intend for this to be used for the purpose of construing RCW 9.94.050.
RCW 10.93 provides four definitions for "peace officer": a general authority Washington peace officer, a limited authority Washington peace officer, a specially commissioned Washington peace officer, and a federal peace officer. RCW 10.93.020. The legislature incorporated the "peace officer" definitions provided in RCW 10.93.020, in the regulations on firearms and dangerous weapons in RCW 9.41, which includes regulations on concealed pistols.See RCW 9.41.010(8).
Under these definitions, Department employees may carry a concealed weapon, on duty, if they qualify as a limited authority Washington peace officer authorized by the Department to carry a concealed weapon. RCW 9.41.010(8). As previously discussed, generally for Department employees to qualify as limited authority Washington peace officers, they must be: full-time, fully compensated officers, empowered by the Department to detect or apprehend violators of the laws in some or all of the limited subject areas for which the agency is responsible. See
RCW 10.93.020(4). Employees who meet all of these requirements may carry a concealed pistol without a license, if authorized by the Department. See RCW 9.41.010(8). [original page 12]
An integrated review of RCW 10.93.030, RCW 9.41.010(8), RCW 9.41.060, and RCW 9.94.050 indicates the legislature intended to give any Department employees "while acting in the supervision and transportation of prisoners, and in the apprehension of prisoners who have escaped," the same power and authority to carry a concealed weapon as Department employees who qualify as a limited authority Washington peace officer. RCW 9.94.505.
As a consequence, all Department employees who are engaged in the apprehension of escaped prisoners or activities involving the supervision and transportation of prisoners may carry a concealed pistol without a permit during the performance of these specific and limited activities to the extent they have authorization from their employer, the Department of Corrections.
We trust that the foregoing will be useful to you.
ROB McKENNA Attorney General
DEBORAH K. DANNER Senior Counsel
wros
[1] The cited opinion did not discuss the distinction between general authority Washington peace officers and limited authority Washington peace officers, a distinction that appears to have become clearly delineated in statute only more recently. See
Laws of 1985, ch. 89, § 2 (enacting RCW 10.93.020). The law enforcement agencies we considered in AGLO 1975 No. 16 were limited to general authority law enforcement agencies, including the state patrol, county sheriff's departments, and city police. AGLO1975 No. 16, at 1.
[2] Your question also refers generally to "certain other community corrections division employees," besides community corrections officers. Our analysis applies to such "other employees" only if they are full-time, fully compensated officers authorized by the Department to apprehend violators of the law pursuant to proper statutory authority (RCW 10.93.020(3), (4)), and authorized by the Department to carry a concealed pistol in the performance of those duties. RCW 9.41.010(8).
[3] Federal law also addresses the possession of concealed firearms by law enforcement officers in the Law Enforcement Officers Safety Act of 2004. 18 U.S.C. § 926B. The ability for a law enforcement officer to carry a concealed firearm under this act also requires authorization from the employer. 18 U.S.C. § 926B(c)(2).
[4] To be exempt from the licensing requirement for carrying a concealed pistol, corrections officers must qualify as "limited authority Washington peace officers," under the analysis set forth in response to your first question. RCW 9.41.060(1) also exempts "prison or jail wardens or their deputies," but we have previously concluded that this phrase does not include corrections officers. AGO 2006 No. 15, at 3 n. 2.
[5] In contrast, RCW 10.92.020, which grants tribal police officers peace officers' powers, expressly states tribal officers are granted the same power as any other general authority Washington peace officer. RCW 10.92.020.